UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOB TUKIN,** <br><br> **PLAINTIFF,** <br><br> v. <br><br> **HALSTED FINANCIAL SERVICES, LLC,** <br><br> **DEFENDANT.** | **Case No.:** |

# COMPLAINT

COMES NOW Plaintiff, Bob Tukin ("Plaintiff" or "Mr. Tukin"), through undersigned counsel, and for his Complaint against Halsted Financial, LLC ("Defendant"), states as follows:

## NATURE OF ACTION

1.  Plaintiff brings this action seeking redress for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") related to a collection letter received from Defendant.

2.  Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations. *See E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2-17 WL 2289289, at *3 (D.N.J. May 25, 2017).

3.  Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new

substantive rights, such as rights to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]")

4. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the District because Halsted Financial is located within this District and Cavalry is doing business within this District.

## PARTIES

7. Plaintiff, Bob Tukin, is a natural person and was residing within the State of Missouri at all time relevant herein.

8. Plaintiff is a consumer as defined by the FDCPA.

9. Defendant Halsted Financial, Inc. is an Illinois corporation that engages in the business of debt collection with a principal place of business at 8001 Lincoln Ave., Ste. 500, Skokie, IL 60077-3657.

10. Defendant collects or attempts to collect defaulted debts due or owed to another and its principal business is the collect of defaulted debts using the telephone and mails.

11. Defendant is a debt collector as defined by the FDCPA.

## FACTUAL ALLEGATIONS

12. All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

13. An initial collection letter, dated January 22, 2020, was received by Mr. Tukin from Defendant (the "Letter"). A true and accurate, redacted, copy of the Letter is attached as **Exhibit 1** and incorporated herein by this reference.

14. The Letter was for a debt allegedly owed to "CVI SGP Acquisition Trust", in the amount of $3,407.84.

15. The Letter stated, "Current Creditor To Whom The Debt Is Owed: CVI SGP Acquisition Trust".

16. The Letter also stated, "Your account has been placed by CVI SGP Acquisition Trust with our agency for collections."

17. The debt was incurred as a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Upon information and belief, the Letter is a form letter and computer generated sent to hundreds of consumers.

19. Upon information and belief, CVI SGP Acquisition Trust is not the actual owner of the debt or the "Current Creditor To Whom The Debt Is Owed".

20. Pursuant to Mr. Tukin's credit report "RCS/CARVAL INVESTORS" is the current creditor.

21. Upon information and belief, Resurgent Capital Services, LP placed the account with Defendant, not CVI SGP Acquisition Trust.

22. The foregoing statements are false and misleading, in violation of the FDCPA.

23. The Letter was the initial communication that Mr. Tukin received from Defendant.

24. Under § 1692g of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "G-notice", that contains relevant information about the alleged debt and how to dispute it.

25. Pursuant to the FDCPA § 1692g,

**(a) …Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

26. Defendant's January 22, 2020 Letter omits the statutorily required G-notice.

27. Plaintiff did not receive a written notice containing the G-notice from Defendant within five days of the January 22, 2020 Letter.

28. Defendant's omission of the required G-notice, along with demands for payment, in their initial communication with Mr. Tukin overshadowed Mr. Tukin's right to dispute the debt, in violation of the FDCPA.

29. Defendant's collection letter contains several bar codes and/or QR codes as well as account numbers that, upon information and belief, contain sensitive and identifying information of Plaintiff, and are positioned next to the name and address of Plaintiff in a manner that such were visible through the glassine window of the envelope sent to Plaintiff by mail.

30. Defendant's January 22, 2020 Letter contained a "Privacy Notice"

31. A true and accurate copy of the Defendant's Privacy Notice is attached as **Exhibit 2** and incorporated herein by this reference.

32. Defendant's Privacy Notice indicated that Plaintiff's personal information is being shared between Defendant and the "Owners" of the Debt, "CVI SGP-CO Acquisition Trust" and "CVI SGP Acquisition Trust".

33. The representation in the Privacy Notice pertaining to the multiple "Owners" of the Debt contradict the representation in Defendant's Letter of a single "Current Creditor To Whom The Debt Is Owed", and is false and misleading, in violation of the FDCPA.

34. The FDCPA prohibits the sharing of information regarding a consumer "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy…" See 15 U.S.C. § 1692c(b).

35. "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." See 15 U.S.C. § 1692c(b).

36. The sharing of Mr. Tukin's information is prohibited by law.

37. Upon information and belief, Defendant's pattern and practice of providing false and/or misleading information has yielded Defendant significant profits from unwitting consumers.

38. Upon information and belief, Defendant regularly sends collections letters to consumers which include false, misleading, and/or deceptive information in an attempt to collect monies from unwitting consumers.

39. As a result of Defendant's false, misleading, deceptive, and/or unfair collection practices, Plaintiff was concerned and had to spend time, and had to hire counsel, to investigate Defendant's false, misleading, deceptive, and/or unfair collection practices resulting from Defendant's collection letter and collection conduct described herein.

40. The foregoing conduct of Defendant violates the FDCPA, entitling Mr. Tukin to statutory damages and actual damages, along with reasonable attorneys' fees.

## COUNT I: VIOLATIONS OF § 1692e of the FDCPA

41. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

42. Section 1692e of the FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, and underscores the general application of such prohibition.

43. The contradiction between the identified, single "Current Creditor" in Defendant's collection letter and the plural "Owners" identified in Defendant's Privacy Notice renders one of the disclosures false, and is intended to mislead the least sophisticated consumer regarding who is the true current owner of the debt.

44. An unsophisticated consumer would be confused and misled by Defendant's false and misleading representations.

45. Defendant's violations of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

### COUNT II: Violation Of § 1692g of the FDCPA

46. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

47. Defendant's Collection Letter failed to contain the prerequisite G-Notice providing Valerie Chavez with notice of her rights to dispute the alleged debt, or any portion thereof, pursuant to § 1692g of the FDCPA.

48. § 1692g of the FDCPA further prohibits any collection activities and communication during the 30-day period from overshadowing the disclosure of the consumer's rights. *See* 15 U.S.C. § 1692g(b).

49. Defendant made demands for payment from Mr. Tukin within the 30-day dispute period provided by the FDCPA, absent appropriate and contextually necessary transition language, and thereby overshadowed the Defendant's Mr. Tukin's right to dispute the Debt, in violation of the FDCPA.

50. Defendant's violations of §1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

### COUNT III: Violation Of §1692f Of The FDCPA

51. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

52. Section 1692f of the FDCPA provides,

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

53. In violating §1692g of the FDCPA, as detailed in Count I, herein, Defendant has implicitly also violated §1692f of the FDCPA by virtue of the unfair, overshadowing practices alleged therein.

54. Moreover, Defendant's payment demands, when coupled with the lack of any transition language that would prevent overshadowing of Plaintiffs' dispute rights, underscore the unfair patterns and practices that, upon information and belief, Defendant engages in to overshadow the dispute rights of unsophisticated consumers like Mr. Tukin. Such pattern and practices by Defendant are unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

55. Defendant's conduct in structuring its communications to Plaintiff thusly has a coercive effect designed to pressure individuals like Mr. Tukin into sending money quickly, thereby overshadowing consumer dispute rights. Such acts, and Defendant's conduct in totality, as more fully stated herein, constitutes unfair and unconscionable acts by Defendant, in violation of 15 U.S.C. § 169f.

56. Defendant's collection letter contains several bar codes and/or QR codes as well as account numbers that, upon information and belief, contain sensitive and identifying information of Mr. Tukin, and were positioned next to the name and address of Mr. Tukin in a manner that such were visible through the glassine window of the envelope sent to Plaintiff by mail.

57. Upon information and belief, the layout and structuring of Defendant's collection letter in such a manner exposed, to any third party with a readily available QR code scanner, the fact that the Defendant's letter came from a debt collector or contained information regarding Mr. Tukin's alleged account with the Defendant, in violation of Section 1692f(8).

58. Defendant's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

### COUNT IV: Violation Of § 1692c of the FDCPA

59. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

60. § 1692c(b) provides, in pertinent part, that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

61. Upon information and belief, Defendant communicated regarding the Debt with various entities and purported owners of the debt other than the actual creditor of the Debt, in violation of the FDCPA.

62. Defendant's violations of §1692c of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bob Tukin respectfully requests that the Court grant Plaintiff the following relief against the Defendant, Halsted Financial Services, LLC:

1. statutory damages of $1,000.00 for Defendant's violations within the Debt letter for Mr. Tukin as provided by § 1692k(a) of the FDCPA,

2. actual damages for Mr. Tukin as provided by § 1692k(a) of the FDCPA,

3. reasonable attorneys' fees for Mr. Tukin as provided by § 1692k(a) of the FDCPA, and

4. any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

Respectfully submitted,

*s/ David M. Barshay*
David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
P. (631) 210-7272
F. (516) 706-5055
dbarshay@brlfirm.com