# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BOB TUKIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 21-cv-00025 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| HALSTED FINANCIAL SERVICES, LLC, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Defendant's motion for summary judgment [33] is granted. This case is dismissed without prejudice for lack of standing. The Clerk shall enter judgment in favor of Defendant pursuant to Fed. R. Civ. P. 58. Civil case terminated. See accompanying Statement for details.

## STATEMENT

Plaintiff Bob Tukin brought this suit claiming that Defendant Halsted Financial Services, LLC ("Halsted") committed several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when it mailed him a collection letter ("Letter") in January 2020. Count I alleges that the Letter improperly listed the current owner of the debt in violation of § 1692e of the FDCPA, causing Tukin concern and confusion and eventually leading him to retain counsel. Count II alleges that the Letter failed to contain statutorily required notices for initial communications between a debt collector and a consumer, in violation of § 1692g of the FDCPA. Count III alleges that a code containing sensitive and identifying information regarding Tukin was visible on the outside of the envelope containing the letter, in violation of § 1692f of the FDCPA. And finally, Count IV alleges that Halsted's use of a vendor to print and mail the Letter violated § 1692c(b) of the FDCPA, which prohibits conveying information regarding a debt "in connection with the collection of any debt" with third parties (subject to statutorily provided exceptions).

Halsted has filed a motion for summary judgment on the ground that Tukin lacks Article III standing and, as a result, this Court lacks subject-matter jurisdiction. In response, Tukin concedes that, based on the current state of the law, there is no good-faith basis to oppose Halsted's motion. Accordingly, the Court considers the motion unopposed and Halsted's statement of facts undisputed. However, even when a motion for summary judgment is unopposed, "the movant still ha[s] to show that summary judgment [is] proper given the undisputed facts, with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (internal quotation marks omitted). Thus,

the Court therefore proceeds to consider whether Halsted has satisfied its burden of showing that Tukin lacks standing before granting summary judgment in its favor.[1]

## I.

Article III of the Constitution grants the federal judiciary authority to decide "Cases" and "Controversies." U.S. Const. art. III, § 2. As part of the "case or controversy" requirement, "federal courts require that plaintiffs have 'standing' to sue." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021). To establish standing, the plaintiff has the burden of showing that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial ruling." *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). The "standing inquiry 'remains open to review at all stages of the litigation.'" *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1044 (7th Cir. 2021) (quoting *Nat'l Org. for Women, Inc. v. Sheidler*, 510 U.S. 249, 255 (1994)). At the summary judgment stage of proceedings, the "plaintiff must supply evidence of 'specific facts' that, taken as true, show each element of standing." *Wadsworth v. Kross, Liberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021) (internal quotation marks omitted).

At issue here is the "'[f]irst and foremost' element of standing": injury in fact. *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)). "An 'injury in fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* at 333 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Although both tangible and intangible harms may qualify, a concrete injury must be **real**—that is, it must "actually exist." *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020).

In recent years, the Seventh Circuit has clarified that "it's not enough for an FDCPA plaintiff to simply allege a statutory violation; he must allege (and later establish) that the statutory violation harmed him or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect." *Larkin*, 982 F.3d at 1066 (internal quotation marks omitted). The mere fact that a FDCPA plaintiff was confused by the allegedly violative communications is not enough to demonstrate a concrete harm—"the state of confusion is not itself an injury." *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020). But confusion may lead to an injury if a plaintiff acts, to their detriment, on their confusion, such as by paying debts which are not owed or paying debts with lower interest rates before those with higher interest rates. *Id.*. In sum, "a plaintiff must do more than allege an FDCPA violation to establish standing; [he] must also show personal harm." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020).

## II.

Here, Tukin cannot establish that he has suffered a concrete harm sufficient to satisfy the standing requirement for any of his claims. With regards to Counts I and II, Tukin claims that he

---

[1] Because the standing issue is dispositive, the Court need not address the merits of Tukin's claims.

suffered "concern and confusion" due to Halsted's alleged violations of the FDCPA. Yet such confusion does not suffice to satisfy the injury-in-fact requirement for purposes of an FDCPA action. *See Markakos*, 997 F.3d at 781. Even the fact that Tukin was concerned enough to turn to counsel is not enough to demonstrate the type of concrete harm required to establish standing. *See Pierre v. Midland Credit Mgmt, Inc.*, 29 F.4th 934, 939 (7th Cir. 2022) (noting that "seeking legal advice" in response to an allegedly deceptive letter is not a legally cognizable harm). And it is undisputed that, other than his confusion, Tukin has identified no other injury caused by Halsted's conduct. (Def.'s Statement of Mat. Facts ("SOMF") ¶ 46, Dkt. No. 35.) Indeed, in his deposition, Tukin could not identify any actual damages that he is seeking in this case. (*Id.* ¶ 48.) In fact, he testified that he actually benefited from Halsted's communication, as he was able to pay off his debt for less than the amount owed. (*Id.* ¶ 50.) Thus, Tukin cannot demonstrate that he has suffered an injury as to Counts I and II supporting standing.

Count III alleges that Halsted violated 15 U.S.C. § 1692f(8) by displaying a code on the outside of the envelope which, "upon information and belief," contained confidential information. Again, Tukin has failed to demonstrate that he suffered any injury beyond feelings of concern and worry—that is, he has not shown actual harm. Additionally, Tukin does not dispute that the visible code was an "Intelligent Mail Code" required by the United States Postal Service. (SOMF ¶ 21.) The display of such codes do not violate § 1692f(8). *See* Official Comment to 12 C.F.R. § 1006.22(F)(2) (explaining that the phrase "language or symbol" in § 1692f(8) does "not include language and symbols that facilitate communications by mail, such as . . . the United States Postal Service's Intelligent Mail barcode"). Accordingly, Tukin has no claim under § 1692f(8).

Finally, Count IV alleges that Halsted violated 15 U.S.C § 1692c(b) by using a vendor, FocusOne, to print and mail its letter to Tukin, as the use of a vendor necessarily involved the disclosure of information about his debt to a third party.[2] The Court need not address whether the so-called "letter vendor" theory of liability provides a sufficient basis for Article III standing because Tukin cannot establish that such injury occurred here.[3] Tukin does not dispute that FocusOne does not analyze, modify, or manipulate the data and letters transmitted to it for printing, or that the data used to print and mail those letters was secure and encrypted at all times it was in FocusOne's possession. (SOMF ¶¶ 5–6, 23–24.) Indeed, he does not dispute that no individual had access to the unencrypted data. (*Id.* ¶ 25.) Put simply, Tukin has not provided any evidence that his information was disclosed nor can he show a resulting injury from that disclosure.

---

[2] It is undisputed that Halsted did not communicate with anyone other than FocusOne or the creditor of Tukin's debt.

[3] Relying on *TransUnion LLC v. Ramirez*, Halsted contends that the mere fact a defendant has shared information with a vendor, without more, cannot give rise to Article III standing. 141 S. Ct. 2190, 2210 n.6 (2021) (describing the plaintiffs' argument that the defendant "published" their information by sending it to the vendors that printed and sent the allegedly violative mailings "unavailing," noting that courts have not necessarily "recognized disclosures to printing vendors as actionable publications"). *TransUnion* only addressed this issue in dicta, however, and Halsted itself recognizes that courts are split over whether the use of a letter vendor is sufficient to lead to a concrete injury conferring standing.

**III.**

      For the reasons given above, the Court finds that the undisputed evidence establishes that Tukin has not suffered an injury in fact, and thus he lacks standing to bring his claims. Accordingly, the Court lacks subject-matter jurisdiction. Tukin's complaint is dismissed without prejudice.

Dated: July 12, 2022

_____
Andrea R. Wood
United States District Judge